IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS BRYON MCQUERRY,

      Petitioner,

vs.                                                 No. CIV  05-523 JH/LCS

JAMES JANECKA, Warden et al.,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Mr. McQuerry's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed May 12, 2005. (Doc 1). Petitioner, currently incarcerated, attacks the Order and Commitment to the Department of Corrections, filed May 5, 2003 in the Second Judicial District, Bernalillo County, State of New Mexico, after McQuerry violated the terms of his probation. (*See* Doc.14, Ex. O.) The main issue is whether the sentencing judge violated Petitioner's due process rights at the sentencing hearing on Petitioner's probation violation. The United States Magistrate Judge, having considered the Motion, the briefs, the record, relevant law, and being otherwise fully advised, finds there is no need for an evidentiary hearing and that Petitioner's Motion is not well-taken and should be **DENIED ON THE MERITS**.

      **I.**      **PROCEDURAL HISTORY**

      1.      On November 27, 2000, in the Second Judicial District, Bernalillo County, New Mexico, in CR 00-00781, Petitioner pled no contest to the offenses of attempted criminal sexual penetration in the second degree, false imprisonment, and battery upon a household member.

(Doc. 14, Ex. A at 1.)  Mr. McQuerry came before the Honorable Albert S. "Pat" Murdoch on February 13, 2001, at which time he was sentenced to a term of five years with four years suspended for an actual sentence of one year imprisonment.  (*Id.*, Ex. A at 1-2.)  Petitioner was to serve four months straight time with release to the Community Custody Program for the remainder of the year.[1]  (*Id.*, Ex. A at 2.)  After his release, he was to be placed on supervised probation for three years.  (*Id.*)

      2.      Petitioner completed his one year incarceration and was released on parole.  (Doc. 13 at 1.)  He admitted violating the terms of his probation by leaving the county without permission in November, 2002.  (*Id.* at 2-3; Doc. 14, Exs. L; O at 1.)  Consequently, Judge Murdoch revoked Petitioner's probation and sentenced him to the remainder of his original five year sentence, 908 days.[2]  (Doc. 14, Ex. O at 2.)

      3.      Mr. McQuerry filed a Notice of Appeal with the Court of Appeals of the State of New Mexico on May 8, 2003.  (*Id.*, Ex. P.)  The issue on appeal, whether the trial court erred by sentencing McQuerry to the balance of his original sentence for a minor, technical probation violation, was different from the issue raised in this Court.  (*Id.*, Ex. W at 2.)  The Court of Appeals denied the appeal on the merits.  (*Id.*, Ex. Z.)  In July of 2005, Petitioner filed a petition for writ of certiorari to the Supreme Court of New Mexico regarding the same issue.  (*Id.*, Ex. AA.)  The Supreme Court denied the petition.  (*Id.*, Ex. BB.)

---

[1] The one year imprisonment represented Petitioner's time as a habitual offender.  (*See* Doc. 13 at 1.)

[2] McQuerry received credit for 365 days of incarceration previously served and 552 days spent on probation.  (Doc. 14, Ex. W at 3.)

4. On April 6, 2004, Mr. McQuerry filed a petition for writ of habeas corpus in the state district court, raising the same issue he brings before this Court. (*Id.*, Ex. Q.) Petitioner alleged that during the sentencing hearing for his probation violation, Judge Murdoch sentenced Petitioner only to the time left on his parole, approximately eighteen months, rather than the balance of his original sentence, as stated in the resulting Order. (*Id.*, Ex. Q at 2.) Judge Murdoch denied Mr. McQuerry's petition, noting that the record of the probation violation was on "all fours" with the final order and commitment and the final judgment. (*Id.*, Ex. R at 2.) Judge Murdoch explained that "[t]he length of the probationary period is not, necessarily, the length of the sentence if probation is violated." (*Id.*) Judge Murdoch also denied, in October of 2004, a Motion to Correct Judgment and Sentence based on the same issue. (*Id.*, Exs. S; T.)

5. Mr. McQuerry filed a petition for writ of certiorari to the New Mexico Supreme Court on March 10, 2005. (*Id.*, Ex. U.) He presented two questions for review, one regarding the issue that is before this Court and another regarding whether the trial court erred by denying him a hearing to contest his sentence. (*Id.*, Ex. U at 2.) The Supreme Court denied the petition on March 23, 2005. (*Id.*, Ex. V.)

6. Mr. McQuerry, presently incarcerated in Lea County Correctional Facility in Hobbs, New Mexico, filed his petition for federal habeas relief in this Court on May 12, 2005. (Doc. 1.) Respondents filed a Motion to Dismiss on September 6, 2005, arguing that "the Petition fails to assert a meritorious constitutional claim cognizable under 28 U.S.C. § 2254." (Doc. 12 at 1.) I filed an Order on September 12, 2005 directing Petitioner to respond to the Motion to Dismiss by October 25, 2005. (Doc. 15.) To date, Petitioner has not filed any type of response or request for an extension of time.

3

7. Respondents acknowledge in their Answer that Petitioner has exhausted his claim. (Doc. 14 at 2.) I agree.[3] "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack. The exhaustion requirement is satisfied if the highest court exercises discretion not to review the case." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534-35 (10th Cir. 1994) (citations omitted); *see also Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir. 1985); 28 U.S.C. § 2254(c). Thus, while Petitioner did not present this issue to the New Mexico Court of Appeals, he exhausted his state remedies by filing a writ of habeas corpus to the state court and by then petitioning the New Mexico Supreme Court for review. *See Dever*, 36 F.3d at 1534-35. (*See also* Doc. 14, Exs. Q; U.)

**II.     ANALYSIS**

8. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Mr. McQuerry's petition. Because he is proceeding *pro se*, I will liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). Under AEDPA, this Court's "review of the state court's proceedings is quite limited." *Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir. 2002).

9. Mr. McQuerry's petition raises the following issue: whether an alleged discrepancy between the sentence spoken by Judge Murdoch at the probation violation hearing and the sentence written in the state court order violated Petitioner's due process rights.

---

[3] Because Petitioner's Motion is easily decided on the merits, I will not address whether the claim should be denied for procedural default.

10. Judge Murdoch's pronouncement of Petitioner's sentence at the probation violation hearing is not inconsistent with the written Order and Commitment. (*See* Doc. 14, Exs. O; Q, Transcript of Proceedings at 9.) At the hearing, Judge Murdoch said, "I'm going to revoke the probation and impose the balance remaining at the State of New Mexico." (*Id.*, Ex. Q, Transcript of Proceedings at 9.) Petitioner misunderstands the word "balance" to mean the remainder of his probation. Petitioner is mistaken. The Supreme Court of New Mexico has interpreted the word "balance," in the context of a sentence imposed after a probation violation, to mean "'remainder,' or that portion of the term of the sentence which remains after deducting therefrom the time during which defendant has been on probation." *State v. Reinhart*, 79 N.M. 36, 38, 439 P.2d 554, 556 (1967). Thus there is no inconsistency between the judge's verbal statement at the hearing imposing "the balance" and the judge's written order committing Petitioner to the corrections department for "a balance of 908 days," which was the time remaining after deducting time previously served in jail and on probation. (Docs. O at 2; Q, Transcript of Proceedings at 9.)

11. Even without *Reinhart*, Petitioner does not have a valid claim. It is true that where there is a conflict between a judge's oral pronouncement of a sentence and the formal entry of judgment and commitment, the former controls. *Baca v. United States*, 383 F.2d 154, 157 (10th Cir. 1967) (citations omitted). "But, where the orally pronounced sentence is ambiguous, the judgment and commitment may and should be used to clarify the actual intention of the sentencing judge." *Id.* At most, Judge Murdoch's statement at the probation violation hearing could be construed as ambiguous. The question of whether the judge intended to impose

the balance of Petitioner's probation or the balance of Petitioner's original sentence is thus clarified by the later written order.

12.     Finally, I have a difficult time finding Mr. McQuerry lacked notice of his potential sentences after a probation violation or was treated unfairly in receiving the balance of his original sentence.  Mr. McQuerry signed a Repeat Offender Plea and Disposition Agreement on November 27, 2000.  (Doc. 14, Ex. C.)  This Agreement specifically notified Petitioner of the consequences of a probation violation: "if the defendant later violates probation, he may be incarcerated *for the balance of the sentence*." (*Id.* at 3.)  Further, New Mexico Statute 31-21-15(B), of which Mr. McQuerry is deemed to be aware, specifically gives the state sentencing judge discretion to impose the balance of the original sentence upon the occurrence of a probation violation.  *See State v. Kenneman*, 98 N.M. 794, 797, 653 P.2d 170, 173 (N.M. Ct. App. 1972) (citing *State v. Montoya*, 91 N.M. 262, 572 P.2d 1270 (N.M. Ct. App. 1977)).  For this reason, and the others discussed above, I find Mr. McQuerry has not shown that he is entitled to relief.

### III.     RECOMMENDATION

Having reviewed the record in this case, all applicable law, and being otherwise fully advised, I recommend that Mr. McQuerry's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by **DENIED ON THE MERITS**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file

objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**